ALBANY,
Feb. 1825.

Ex parte
Chamberlain.

---

*P. Gridley*, contra, moved to amend; and he read an affidavit showing that the wrong test arose from a clerical mistake.

---

### Ex parte CHAMBERLAIN.

MOTION for a mandamus to the Justices of the General Sessions of the Peace of the county of Oneida, commanding them to attach and punish John Garter, for non-attendance in that Court as a witness. Chamberlain had been inunless their fees are paid as in civil cases; otherwise as to prosecutions for felony.

This court will not grant a mandamus to compel an inferior court to punish a man for a contempt, unless the civil rights of an individual are implicated in the proceeding.

When this is not the case, every court must be the judge whether a contempt has been committed against it.

*Witnesses for the defendant, in a prosecution for a misdemeanor, are not bound to attend the trial*

dicted for an assault and battery, which was tried at the February term of that Court, 1825. He subpœnaed Garter to attend as a witness in his behalf; he neglected to appear, and was attached; but was discharged by the Court, upon his answering, to the interrogatories, that no fees had been tendered to him.

Against the motion, the 2 R. L. 29, which prescribes the fees of witnesses, and the 1 R. L. 524, s. 20, which makes it obligatory on witnesses to attend, upon being subpœnaed, and paid for travel to and from Court, and one day's attendance, were cited; also 1 Ch. C. L. Phil. ed. 613. But it was replied, that these apply to civil causes only; that the statute, (1 R. L. 497, s. 12,) provides, that all persons charged with crimes shall be entitled to have counsel, and *compulsory process* to compel the attendance of witnesses; that this wholesome provision of the law would be virtually denied the person charged with a crime, and confined in jail, without friends or money, should the doctrine acted upon by the Court below prevail.

*E. Allen & J. A. Spencer*, for the motion.

*H. Denio*, contra.

*Cur. adv. vult.*

At a subsequent day,

*The Court*, said they had looked into this subject, and thought the distinction lay between misdemeanor and felony; that in the former case the defendant must tender his witnesses their fees, as in civil cases; but that in prosecutions for felonies they were compellable to attend without fees. They should have denied this motion at once, on the ground that it sought for a mandamus to compel an inferior Court to punish for a contempt, had the matter rested there; for every Court must be the sole judge whether a contempt has been committed against it or not; but as the private rights of an individual were also implicated, they had for that reason looked into the merits.

· Motion denied.