Austin W. Sherwood and Manie Sherwood v. Dan. J. Arnold, Circuit Judge.

*Certiorari—Failure to serve bond upon justice—Removal of affidavit from files—Second writ.*

1. An affidavit which has been indorsed with an allowance of a writ of *certiorari,* and filed in the clerk's office, and the writ issued, cannot be used as the basis for the allowance of a second writ.

2. The following propositions are summarized from the opinion of Chief Justice CHAMPLIN:

> *a*—A justice of the peace is justified in refusing to make return to a writ of *certiorari*, if the bond is not served upon him within the statutory ten days.

> *b*—The statutory writ of *certiorari* is special, and the proceedings to obtain a review by this process must be strictly complied with.

> *c*—A party has no right to take from the files of the clerk's office an affidavit upon which a writ of *certiorari* has been issued, to present it for a second order of allowance, the statute contemplating that the affidavit shall be presented to the judge or commissioner *before* it is filed in said office.

*Mandamus.* Submitted April 15, 1890. Granted April 18, 1890.

Relators applied for a *mandamus* to vacate an order requiring a justice of the peace to make a return to a writ of *certiorari.* The facts are stated in the opinion.

*H. Hart,* for relators.

*F. E. Fish,* for respondent.

CHAMPLIN, C. J. Peter Caulkett sued relators before a justice of the peace, and the cause was tried on January 17, and judgment rendered in favor of the defendants. On January 18 the plaintiff filed with the justice a written notice of his intention to remove the cause to the circuit court by *certiorari,* and on the same day made the affidavit as foundation for the writ. He presented this affidavit on the same day to the circuit court commissioner, who indorsed thereon his allowance of the writ, and also approved the bond. The plaintiff then on the same day presented the affidavit to the clerk of the circuit court, who filed it and issued the writ. Instead of leaving the affidavit on file in the clerk's office, it was attached to the writ of *certiorari,* and the bond was left with the clerk. On January 20 the plaintiff served the

writ of *certiorari* upon the justice with the original affidavit attached, and paid him his fees for making return; but did not, in the 10 days allowed by How. Stat. § 7038, serve the bond upon the justice.

On January 30 plaintiff by his attorney went to the justice, and borrowed the writ and affidavit for the purpose of making a copy of the affidavit, as he informed the justice. He afterwards returned the writ, but he had detached the original affidavit, and attached a copy of the affidavit in lieu thereof. He then again presented the original affidavit to the circuit court commissioner, on January 30, who erased the date at which it was first allowed, and inserted in the order of allowance the date "January 30." Plaintiff also presented to the commissioner a new bond bearing date that day, which he approved. On January 31 the plaintiff served the second writ of *certiorari* with a copy of the affidavit annexed, together with the bond last approved, upon the justice, and paid him two dollars for making his return. The justice refused to make return to the first writ served, for the reason that the bond was not served upon him within the 10 days specified by statute. How. Stat. § 7038, provides that:

"No *certiorari* shall be of any effect until all the preceding requisitions shall have been complied with."

The justice was right in refusing to make return to this writ. He also refused to make any return to the second writ served, upon the ground that the affidavit could not be made to serve as the basis for a second writ of *certiorari* in the same case. On application the circuit judge ordered the justice to show cause why he should not be compelled to make return to the second writ. In answer he showed the facts above stated, and the circuit judge then made a peremptory order for a return. It is

this order we are asked to direct the circuit judge to set aside.

The statutory writ of *certiorari* is special, and the proceedings to obtain a review by this process must be strictly complied with. The plaintiff gave the notice of intention to remove the cause by *certiorari*, and made the affidavit within the five days limited by the statute. The plaintiff then had 30 days in which to present such affidavit to a circuit judge or circuit court commissioner for allowance of the writ. Within 10 days after the allowance of the writ the affidavit, upon which the order of allowance must be indorsed, must be filed in the office of the clerk of the circuit court, and such clerk is thereupon to issue the writ within 3 days after the filing of such affidavit. And then, within 10 days after it is issued, unless further time has been allowed by the officer at the time he allowed the writ, it must be served upon the justice, together with the bond prescribed by the statute, and approved by the same officer who allowed the writ, and the fees of two dollars must be paid to the justice for making his return. All of these steps have been taken within the time limited by the statute, if it is permissible to use the original affidavit the second time.

By express provision of the statute the first writ of *certiorari* ceased to be of any effect. The affidavit, having been duly filed with the clerk, did not cease to be effective as an affidavit by being attached to the first writ and served upon the justice. Its proper place was in the clerk's office, and the case is the same as it would have been had plaintiff presented it in or from that office again to the circuit judge or commissioner as the basis of a new order for the issuance of a new writ, the first being then of no effect. But the party has no right to take an affidavit from the files of the clerk's office to

present it to the circuit court commissioner for a second order of allowance. Such files may be removed from the proper custody by an order of court, but without it the clerk has no right or authority to permit the files to pass from his custody. The statute does not contemplate any such action, and has not provided for it. On the contrary, the statute contemplates that the affidavit shall be presented to the judge or commissioner *before* it is filed in the clerk's office. The successive steps are expressly pointed out by the statute. The affidavit is to be presented to a judge or commissioner, and if the officer is satisfied an error has been committed—

"He shall allow the *certiorari* by indorsing his allowance thereon. The affidavit, *after* the allowance of the *certiorari* shall have been indorsed thereon," shall be filed, etc.

This language precludes the idea that the affidavit may be presented for another order of allowance, after the affidavit and allowance have been filed. The authorities cited in support of a second use of the affidavit do not apply under the special provisions of our statute. After an affidavit has been indorsed with an allowance of a writ, and filed in the clerk's office, and writ issued, it cannot be used as the basis for the allowance of a second writ of *certiorari*. For that purpose it is *functus officio*.

The circuit judge should vacate the order directing a return to be made by the justice.

The other Justices concurred.