A. SCHUYLER MONTGOMERY ET AL. v. JOHN H. PALMER, PRESIDING JUDGE OF THE MUSKEGON CIRCUIT COURT.

*Contempt—Detaining witness— Order to show cause—Dismissal— Affidavits—Mandamus.*

1. *Mandamus* will lie to review the decision of a circuit judge quashing proceedings for contempt, commenced before his predecessor in office, on the ground of a want of jurisdiction to try the question of fact involved.

2. Affidavits used on the hearing of a motion for a new trial, one of the grounds of which was the alleged action of an officer of the defendant corporation, in whose favor judgment had been rendered, in inducing witnesses for the plaintiff to leave the State during the trial of the cause, may be made the basis of proceedings against the offending officer for contempt.

3. The rule which requires that the charges against a party alleged to have been guilty of contempt must be supported by positive statements, in affidavits made by persons having knowledge of the facts, does not exclude the drawing of inferences by the circuit judge from established facts, and his decision as to whether there was a sufficient basis for issuing an order to show cause can only be reversed in case of a total absence of a showing of facts justifying such action.

4. The contention that the attempt to prevent the attendance of one not yet subpoenaed as a witness is not a contempt of court, under How. Stat. § 7257, subd. 4, which provides for the punishment of any person guilty of unlawfully detaining any witness to a suit while going to, remaining at, or returning from the court where such suit shall be noticed for trial, is untenable.

*Mandamus.* Argued April 24, 1894. Granted May 22, 1894.

Relators applied for *mandamus* to compel respondent to set aside an order quashing contempt proceedings, and to proceed with the hearing of the question of contempt. The facts are stated in the opinion.

*Bunker & Carpenter,* for relators.

*FitzGerald & Barry (Francis A. Stace,* of counsel), for respondent.

MONTGOMERY, J. On the 7th day of October, 1893, Judge Albert Dickerman, then presiding judge of the Muskegon circuit court, made an order directed to Herman O. Lange, requiring him to show cause why he should not be punished for contempt of court, the offense charged being an interference with and inducing witnesses for the

plaintiffs to leave the jurisdiction of the court during the trial of a cause in which the relators were plaintiffs and the Muskegon Booming Company was defendant. Judge Dickerman's term having expired, Judge Palmer, of the twenty-seventh circuit, sitting in place of Judge Russell, the present incumbent of the fourteenth circuit, heard and determined a motion to quash the contempt proceedings for the following reasons:

1. That the order was improvidently granted.

2. That the order was made upon affidavits made for another and a different purpose, and upon what purported to be testimony of two witnesses, not taken in the proceedings, but purporting to have been taken before the stenographer of the court.

3. That there was no lawful evidence showing that Lange had been guilty of any contempt.

4. That there was no evidence tending to show that he caused the removal of the witness Edward Bennett beyond the jurisdiction of the court, or participated in such removal.

5. That, as to the witness Frank Burd, said Herman O. Lange has not been guilty of any contempt, for the reason that it does not appear that said Burd had been served with any subpoena issued in said cause, and it does affirmatively appear from the petition and affidavits upon which the order was made that no subpoena was or could have been lawfully issued for said Frank Burd at the time he is alleged to have left the State of Michigan.

6. That the affidavits are entitled in the cause pending before the court, and not in the contempt proceedings.

7. That, the alleged contempt having been committed at a time when another judge was presiding, the judge now presiding has no jurisdiction.

8. That, if the respondent is guilty as claimed, plaintiffs in the civil case have an adequate remedy at law, and, under such circumstances, the court will not entertain the proceeding.

The order was granted dismissing the proceedings, and an order is now asked to require the circuit judge to set aside that order, and to proceed to hear and determine the question of contempt.

There are returned with the answer certain affidavits from the files of the case, which, it is claimed, tend to negative the showing made by the affidavits upon which the order was based. But we do not consider these affidavits of any special importance, for the reason that the question which Judge Palmer was called upon to decide was not whether the respondent was able to purge himself of contempt, but whether there was enough before Judge Dickerman to warrant him in citing the respondent in to answer the charge of contempt. This consideration also applies to the suggestion that the Court will not by *mandamus* review the decision of a trial judge in contempt proceedings. This is the rule in any case where the determination of the judge calls for the exercise of judgment in determining the fact. *State v. Horner,* 16 Mo. App. 191; *Heilbron v. Superior Court,* 72 Cal. 96. But, where the question which the judge determines is whether there is jurisdiction to proceed to try the question of fact, his ruling is open to review, and, as *mandamus* is the only adequate remedy, it may properly be employed. *Ex parte Chamberlain,* 4 Cow. 49; *Ortman v. Dixon,* 9 Cal. 23; *Kimball v. Morris,* 2 Metc. 573.

It is unnecessary to set out at length the reasons that influenced the action of the circuit judge, and which are set forth in his opinion. But we will refer briefly to those urged by counsel for respondent as justifying the ruling.

1. It is claimed that certain of the affidavits upon which the order to show cause was based had already been used in the same case on a motion for a new trial, and that they were *functus officio,* and could not be made the basis of other action. We think the objection not tenable. The authorities sustain the action of Judge Dickerman in treating these affidavits as a basis for the order made. *Langston v. Wetherell,* 14 Mees. & W. 104; *Barnard v.*

*Heydrick,* 49 Barb. 70; *Mojarrieta v. Saenz,* 80 N. Y. 553.
The case of *Sherwood v. Circuit Judge,* 80 Mich. 270,
does not sustain respondent's position. The opinion of
Mr. Justice CHAMPLIN recognizes the rule as herein
stated, but distinctly bases the conclusion reached upon
the peculiar wording of the statute relative to *certiorari.*
See page 274, 80 Mich.

2. It is claimed that the affidavits fail to show a con-
tempt. As to the alleged contempt in counseling and
inducing Frank Burd to depart from the jurisdiction of
the court, to avoid the service of subpoena, it appears
sufficiently that the plaintiffs' counsel learned on Sunday
that Burd was a material witness in the plaintiffs' behalf;
that Lange, for some reason, made inquiry of the deputy-
sheriff if he had a subpoena for Burd, and was told by
the deputy that he had not; that, early on Monday morn-
ing, two men, who were afterwards recognized as Lange
and Burd, were seen with a livery team at Kent City and
Cedar Springs; that there Lange gave Burd money; that
Lange was conveyed to Grand Rapids by a liveryman,
and Burd was driven to Gowan, a station on the Detroit,
Lansing & Northern road, from which point he proceeded
to Chicago. It is said by respondent that, after the dis-
covery that Burd was a witness, plaintiffs could not law-
fully have obtained a subpoena for him before he left,
and that, before Lange left Muskegon with Burd, he was
informed by an officer that he did not have a subpoena
for Burd; that it does not appear that Lange had any
knowledge or reason to believe that plaintiffs desired the
attendance of Burd as a witness, nor that they had pro-
cured, or had any intention of procuring, a subpoena for
him; and that charges must be supported by positive state-
ments in affidavits made by persons having knowledge of
the facts,—that statements on information and belief are
not sufficient. This is true, but the rule does not exclude

the drawing of inferences from established facts.   Each of the facts recited was shown by positive testimony, and the inference to be drawn from these statements was one which Judge Dickerman certainly had the right to draw; and his decision as to whether there was sufficient basis for issuing the order to show cause can only be reversed in case of a total absence of a showing of facts justifying such action.

3. It is contended that the attempt to prevent the attendance of one not yet subpoenaed as a witness is not a contempt of court.   The statute (How. Stat. § 7257) provides that—

"Every court of record shall have power to punish by fine and imprisonment, or either, any neglect or violation of duty, or any misconduct, by which the rights or remedies of a party in a cause or matter depending in such court, or triable therein, may be defeated, impaired, impeded, or prejudiced, in the following cases:   *   *   *   For unlawfully detaining any witness or party to a suit while going to, remaining at, or returning from the court where such suit shall be noticed for trial; and for any other unlawful interference with the process or proceedings in any action."

It is contended that one cannot be guilty of detaining a witness until subpoenaed to appear, and this seems to have been the ground of the circuit judge's decision.   But we do not think the statute should be so construed.   A statute of Louisiana (section 880, Rev. Stat.) provides that—

"Whoever shall be convicted of bribery or attempting to bribe any witness, or by any force, or threat, or intimidation of any kind, or by persuasion, to prevent any witness in a criminal case, in any of the stages of prosecution, from making the oath in any order to obtain a warrant of arrest to the final trial, inclusive, from appearing or testifying as a witness, shall be sentenced," etc.

It was contended that a person is not to be deemed a witness under this section until a summons has been served

on such person to appear at some stage of a civil or criminal trial or prosecution. The court say:

"The construction of this statute which is insisted upon by the defendant's counsel is too strained and technical, and the requested instruction to the jury was properly refused. While it is true that, for many purposes in the course of judicial proceedings, one cannot be treated *as* a witness until he has been regularly summoned, it does not follow that he may not be *a witness,* notwithstanding process has not been issued for his attendance as such in a given case. For instance, one cannot be attached and fined for non-attendance until a summons is first produced, and the service of it duly proved. Until a summons is produced, and due proof made of attendance as a witness, one cannot obtain a certificate entitling him to compensation for services. Yet such person may be called and sworn as a witness, and his testimony taken in a case, though he has not been summoned. * * * Surely, it does not require argument to demonstrate that the conduct of Tisdale was just as reprehensible as though Oliver had been regularly summoned as a witness to appear before the grand jury, and that to his knowledge. The *effect* of intimidation in either case is just the same, and the *motive* which superinduced it likewise the same. Evidently the legislature intended to prevent and suppress *such* practices, and imposed severe penalties upon those violating its behest; and we deem it our imperative duty to rigorously enforce them." *State v. Tisdale,* 41 La. Ann. 339.

We fully approve of the reasoning in this case. See, also, *State v. Keyes,* 8 Vt. 57; *State v. Horner* (Del.), 26 Alt. Rep. 73.

Nor do we think that, under the circumstances of this case, the fact that the parties might have enforced their remedy in an action should prevent the court below from maintaining jurisdiction. The question of the expediency of permitting a resort to this remedy had once been considered, and, we think, not unwisely determined, by Judge Dickerman. The only justification which his successor could have for reversing his order without going into the case on the merits would be a want of jurisdiction on the

part of Judge Dickerman. As already stated, we do not think there was such a want of jurisdiction. It follows that the court below should proceed to the determination of the question of fact.

The writ will be granted.

The other Justices concurred.