BRODRICK *v.* GENESEE CIRCUIT JUDGE.

CONTEMPT—AVOIDING SERVICE OF SUBPŒNA.

> Concealing oneself to avoid service of a subpœna issued from the circuit court in chancery is not such an "unlawful interference with the process or proceedings" as will render one liable under Act No. 230, Pub. Acts 1899, § 1, to punishment as for contempt of court.

*Mandamus* by Adaline E. Brodrick to compel Charles H. Wisner, circuit judge of Genesee county, to set aside an order dismissing certain contempt proceedings. Submitted October 30, 1900. Writ denied November 13, 1900.

*McFarlan, Williams & Wilson*, for relator.

LONG, J. It appears that in February, 1900, the petitioner filed a bill for divorce, on the ground of extreme cruelty, in the Genesee circuit court in chancery. The

defendant appeared, and filed an answer in the nature of a cross-bill, charging the complainant, the petitioner, with criminal intimacy with one George W. Goff. The cause was set for hearing on the 26th of February, and a subpœna was issued, and, as petitioner alleges, was duly served on said Goff. The petitioner alleges that the said Goff was a material and necessary witness for her, but that he failed and neglected to appear in obedience to said subpœna, and absented himself from the jurisdiction, and remained in hiding, until two days after the proceedings had been determined against the petitioner. Proceedings were then commenced against said Goff for contempt of court. On that hearing the circuit judge found that the subpœna had never been served on said Goff. The court further found as follows:

"As a matter of fact, I am satisfied that Mr. Goff knew that there was a subpœna issued for him by this court, and that he intentionally absented himself so that the same could not be served; but, while I find that to be a fact, as a matter of law I think it is not covered by the statute, and therefore I find that Mr. Goff is not in contempt, and he may be discharged from this proceeding."

A *mandamus* is now asked by petitioner to compel the circuit judge to set aside this order, and to proceed to the punishment of said Goff for contempt of court.

The act under which the proceeding was brought is Act No. 230, Pub. Acts 1899, which reads:

"SECTION 1. Every court of record shall have power to punish by fine and imprisonment, or either, any neglect or violation of duty, or any misconduct, by which the rights or remedies of a party in a cause or matter depending in such court, or triable therein, may be defeated, impaired, impeded, or prejudiced, in the following cases: * * *

"4. All persons for assuming to be officers, attorneys, solicitors, or counselors of any court, and acting as such, without authority; for rescuing any property or persons which shall be in the custody of an officer by virtue of process issued from such court; for unlawfully detaining any witness or party to a suit while going to, remaining at, or returning from the court where such suit shall be

noticed for trial; and for any other unlawful interference with the process or proceedings in any action.  *  *  *

" 8. All other cases where attachments and proceeding as for contempts have been usually adopted and practiced in courts of record to enforce the civil remedies of any party, or to protect the rights of any such party."

It is the claim of counsel for petitioner that Goff was guilty of contempt of court in hiding away from the reach of the process of subpœna, knowing that the same had been issued for him, and that by subdivision 8, above quoted, the court could proceed as for contempt. It is also claimed that the court should have found, as matter of law, that Goff had been guilty of unlawful interference with the process and proceedings in the action; that Goff's offense in absenting himself and hiding from the reach of subpœna, knowing that such subpœna had been issued for him, and that he was wanted as a witness in the cause, comes within subdivision 4 of the act, as it was an unlawful interference with the proceedings in the action.

In the case of *Montgomery* v. *Muskegon Circuit Judge*, 100 Mich. 436 (59 N. W. 148), it was held that under the statute (2 How. Stat. § 7257) one may be guilty of detaining a witness whether the witness has been subpœnaed or not. That case is cited as sustaining the claim made under the present statute, and counsel argue from it that a party against whom process of subpœna has been issued, who avoids service and fails to attend as a witness, knowing it to have been issued, would be liable for contempt equally with one who detains some other party from attending as a witness. That case, however, was decided upon the construction of the statute then under consideration, which provided in express terms that it should be unlawful to detain any witness or party while going to, remaining at, or returning from the court, etc. Counsel cite two cases which they claim in their brief sustain their contention: *State* v. *Keyes*, 8 Vt. 57 (30 Am. Dec. 450); *State* v. *Horner*, 1 Marv. ( Del.) 504 (26 Atl. 73). Both of those cases, however, are like the case of

*Montgomery* v. *Muskegon Circuit Judge, supra.* The proceedings were had against a party who endeavored to induce a witness to absent himself from the jurisdiction of the court. Undoubtedly, such party would be guilty of the offense, under the provisions of subdivision 4 of this act. This statute under consideration is penal in its nature, and must be strictly construed. Counsel seek to incorporate into it a provision which would make one liable as for contempt who absented himself that he might not be served with process. We cannot enlarge the statute so as to include the case made here. As it stands, it will not bear the construction contended for.

The circuit judge was not in error in discharging the respondent. The writ must be denied.

The other Justices concurred.