JENS P. NIELSEN and Others v. CITY OF ALBERT LEA and Another.[1]

October 31, 1902.

Nos. 13,106—(104).

**Action on Injunction Bond—Counsel Fees.**

In a suit upon a statutory injunction bond, where the bond is predicated upon a preliminary injunction issued in a cause the purpose of which was to enjoin defendants from prosecuting certain actions, counsel fees and the necessary expenses incurred in an unsuccessful effort to dissolve the injunction and in conducting the main action may be re-

[1] Reported in 91 N. W. 1113.

covered upon final dissolution of the injunction. Lamb v. Shaw, 43 Minn. 507, distinguished.

**Dismissal.**

> Where the injunction was dissolved by a dismissal of the main action on the part of the plaintiffs, followed by judgment of dismissal, there was, in effect, a final adjudication that the injunction writ had been wrongfully issued.

Appeal by plaintiffs from an order of the district court for Freeborn county, Kingsley, J., sustaining a demurrer to the complaint. Reversed.

*John Anderson* and *J. A. Sawyer*, for appellants.

*H. H. Dunn, H. C. Carlson, John G. Skinner* and *Morgan & Meighen*, for respondents.

LEWIS, J.[2]

Action upon contract to recover damages upon a bond which had been given in pursuance of a temporary writ of injunction sued out by the defendant city in a former action against these plaintiffs. The demurrer to the complaint having been sustained, plaintiffs appeal.

From the complaint it appears that in 1896 the plaintiffs in this action commenced independent actions against the defendant city to recover damages for maintaining a dam at the foot of a lake, which caused the water to overflow the lands of the respective plaintiffs. To quote from the complaint, the purpose of that action was as follows:

"Said injunction action was brought solely to restrain plaintiffs from obtaining any trial in the said pending suits, and to prevent and restrain them from securing any trial by jury of any of the issues, and upon any of the matters therein raised, which was at all times the sole aim, object, and purpose of said action in its entirety, and of said city in bringing and attempting to maintain it."

It is then alleged that, a demurrer to the complaint in that action having been sustained, the city amended its complaint for the purpose of creating a fictitious cause of action, and alleged in its amended complaint facts which the city knew to be untrue, in

[2] LOVELY, J., took no part.

order to overcome the objection formerly made to the complaint and sustained. The amended complaint of the city in the former action was demurred to. The demurrer was overruled, and the complaint sustained, and a motion by defendants to dissolve the injunction was denied. After the decision of the court refusing to dissolve the injunction and overruling the demurrer to the complaint, the defendant city dismissed its action against these plaintiffs, thereby dissolving the injunction.

This action is brought against the city and its surety upon the injunction bond to recover attorneys' fees and expenses paid out in the effort to dissolve the injunction and in testing the validity of the complaint in that action.

There is an apparent attempt on the part of plaintiffs to plead a cause of action in tort against the defendant city, charging bad faith in amending its complaint; and some attempt is also made to plead that the decision of the court in sustaining the complaint as against the demurrer was based upon a misapprehension of facts. It is unnecessary to consider this part of the pleading, as it is clearly irrelevant, and has no bearing upon the real cause pleaded, which is one on contract for the recovery of damages growing out of the issuing of the writ of injunction.

The case of Lamb v. Shaw, 43 Minn. 507, 45 N. W. 1134, was brought to test the validity of a judgment upon which the execution sale was sought to be restrained, and in an action upon the bond to recover attorneys' fees and expenses for an unsuccessful effort to dissolve it the court held that the injunction proceeding was only collateral to the main cause, and that the bond was not liable for services of counsel, or expenses incurred in an ineffectual attempt to dissolve it, or in the conduct of the main action. The decision is based upon the proposition that the litigation in the principal cause would proceed and be determined on its merits without regard to the temporary injunction, and that only such expenses could be recovered upon the bond as were naturally incidental to the allowance of the writ. The defendants in this case insist that the proposition there laid down governs the case before us, and, the motion to dissolve the injunction having been denied, the decision then rendered was decisive upon the question

whether the condition of the bond had been broken. By the terms of the writ of injunction defendants were restrained and prohibited from prosecuting their several actions during the pendency of the suit, and until the further order of the court, and the condition of the bond was to pay such damages as defendants might sustain by reason of the writ, if the court should finally decide that the defendant city was not entitled thereto.

The decision of Lamb v. Shaw, supra, is undoubtedly good law, but, in our opinion, the principle there recognized is not applicable to the facts in this case. The complaint in the equity suit by the city against these plaintiffs was purely an action to enjoin them from prosecuting their several suits, and the injunction was issued in the main suit, and not as a collateral matter ancillary thereto. The complaint presented a distinct issue. The demurrer to it challenged its sufficiency in law, and the granting of the injunction was no more than a preliminary or tentative decision of the court in advance of a final decision upon the merits. The motion to dissolve the injunction was denied for the reason that its validity depended upon the sufficiency of the complaint, and the court, upon demurrer, having held that the complaint stated a cause of action, properly sustained the injunction during the pendency of the case and until a final determination of the facts. It therefore appears that the final decision of the court referred to in the language of the bond is that which the court would make finally upon the merits of the case, and not its decision refusing to dissolve the injunction upon motion. Thomas v. McDaneld, 77 Iowa, 299, 42 N. W. 301; Colby v. Meservey, 85 Iowa, 555, 52 N. W. 499; Andrews v. Glenville, 50 N. Y. 282; Appollinaris v. Venable, 136 N. Y. 46, 32 N. E. 555. The dismissal of the action by the city, followed by a formal judgment of dismissal, was equivalent to an adjudication upon the merits of the matters at issue. The plaintiffs, therefore, stand in the same position they would if that action had been brought to trial and decided in their favor upon the merits. Pacific v. Toel, 85 N. Y. 646; Appollinaris v. Venable, supra.

Order reversed.