JENS P. NIELSEN and Others v. CITY OF ALBERT LEA and Another.[1]

SAME v. CITY OF ALBERT LEA and Others.

January 29, 1904.

Nos. 13,748, 13,749—(176, 177).

**Case Followed.**

Nielsen v. City of Albert Lea, supra, page 388, followed and applied.

Joint appeal by petitioners, John A. Sawyer and others, from an order of the district court for Freeborn county, Kingsley, J., denying a motion made in behalf of plaintiff's attorneys, for leave to prosecute the above entitled actions for the purpose of collecting their disbursements and fees incurred therein. Affirmed.

*J. A. Sawyer* and *John Anderson,* for appellants.

*C. E. Southwick, Carlson & Skinner,* and *H. H. Dunn,* for respondents.

BROWN, J.[2]

In controlling facts these two actions are similar to the case of Nielsen v. City of Albert Lea, supra, page 388. The material difference in facts is as follows: A large number of actions were brought

by different plaintiffs against the city of Albert Lea, similar to the action just referred to, and of which that action was one, to recover damages against the city for the overflow of lands belonging to the different plaintiffs by the maintenance of a dam at the outlet of Fountain Lake, near Albert Lea. Subsequent to bringing such actions, and after issue joined therein, the city brought an action in equity against all the plaintiffs to restrain and enjoin the separate prosecution of the actions on various grounds. At the time of the commencement of the action a temporary injunction was issued by the trial court, in which the city executed to the different plaintiffs the usual bond to indemnify defendants therein, conditioned in all respects as required by law. That action was finally dismissed, and the two actions now before the court were brought, upon the bond given by the city in the injunction suit, to recover the costs and expenses, including attorney's fees, incurred by the defendants in defending that action and in effecting a dissolution of the injunction.

At the time of the settlement of the action against the city to recover damages these actions were also settled and dismissed, and without notice to the attorneys. Whereupon the attorneys made an application to continue the prosecution of the actions for the purpose of recovering their compensation, the application being in all respects similar to the one in the other action. The court below found that the settlement was without fraudulent intent to cheat or deprive the attorneys of their fees, and the decision here is controlled by the decision in the other action, and is based upon the ground that the city at the time of the settlement had no notice of the asserted rights of the attorneys.

The employment of the attorneys to defend the injunction suit was an ordinary contract for that purpose, and in writing. By the writing it is clear that no right to resort to the bond to recover for their services in the injunction suit was assigned or transferred to the attorneys. But the latter claim that a further oral understanding or agreement was had between them and the various defendants in the injunction suit, by which it was understood between them that the bond should be held by the attorneys as security for the payment of their services and advancements in the course of the litigation.

Whether the agreement referred to amounted to an equitable assignment of the bond we need not determine, for the record will not justify

a holding that the city had notice of the agreement which it is claimed amounted to such an assignment, or knowledge of facts sufficient to put it upon inquiry. The denial of the application to continue the prosecution of the action to recover their alleged interest therein must in this court be deemed a finding that the city had no such notice. It is true the city had notice that an action had been brought upon the bond to recover costs and disbursements, including attorney's fees, incurred in the injunction suit, but it had no notice that the attorneys claimed an assignment of the bond. There is no allegation in the complaint that the attorneys had not been paid, nor any suggestion that they claimed an interest in the subject-matter of the action. It can make no difference whether the bond be treated as a fund in court for the payment of the costs, disbursements, and attorney's fees; the legal rights of the parties would not be changed or affected if we were so to hold. The bond was plaintiffs' cause of action, precisely the same as the alleged wrongful acts in overflowing plaintiffs' land in the other actions, and could be settled by the parties as other liabilities or causes of actions are settled, no notice of the rights or claims of the attorneys being had, and there being no attempt to cheat or defraud the attorneys out of their compensation. The want of notice on the part of the city of the alleged rights of the attorneys brings the case within the decision in the Nielsen case, which is followed and applied.

Order affirmed.