CAMPBELL *v.* JUDGE OF RECORDER'S COURT.

1. CONTEMPT—LANGUAGE TENDING TO DEGRADE COURT CONTEMPTUOUS.
   Language charging the court with participation in conduct so vile and corrupt that it "smells to heaven," tends to degrade the court, to embarrass administration of justice, and is contemptuous.

2. SAME—VERIFIED PETITION SUFFICIENT BASIS FOR ORDER TO SHOW CAUSE—STATUTES.
   A verified petition to the court charging contempt, setting forth the contemptuous language used, which was in the nature of an interview, and stating that accused "did utter and cause to be published" said interview, was sufficient basis for an order to show cause under 3 Comp. Laws 1915, § 12270.

3. SAME—REASON FOR RULE THAT AFFIDAVIT OF FACTS CHARGED MUST BE MADE POSITIVELY.
   A chief reason for the rule that the affidavit of the facts charged must be made positively and as of knowledge is that the public is entitled to the protection afforded by the penalties imposed for false swearing.

4. SAME—OBJECTION THAT FACTS ARE SET FORTH IN VERIFIED PETITION RATHER THAN IN AFFIDAVIT TOO TECHNICAL.
   Objection that the facts are set forth in the form of verified petition rather than in the form of affidavit is technical and without substance.

Certiorari and *habeas corpus* to the recorder's court of Detroit; Jeffries (Edward J.), J. Submitted June 19, 1928. (Calendar No. 33,630.) Decided October 1, 1928.

Harvey Campbell was sentenced to imprisonment for contempt of court. Affirmed.

As to whether reflection on judge as ministerial officer is contempt, see annotation in 15 L. R. A. (N. S.) 621.

*Trowbridge, Lewis & Watkins,* for appellant.

*P. J. M. Hally, Jr.,* for defendant.

CLARK, J.   During January, 1928, there was pending before Hon. Edward J. Jeffries, judge of the recorder's court of Detroit, a cause known as Owen Memorial Park Link condemnation case.   On January 9, 1928, there appeared in the Detroit Evening News a purported interview by petitioner here, Harvey Campbell, respecting the case, a part of which we quote:

### " 'FABULOUS' FIGURES.

"In a statement Saturday night in which he promised to 'make every effort to obtain a new trial or an appeal,' Mr. Campbell declared the figures set by the city 'outrageous' and 'fabulous.'

" 'This case smells to heaven,' Mr. Campbell said. 'The manner in which the case was rushed through court by the outgoing administration is hardly understandable.'

" 'It is peculiar that there was no one in the city hall in position to check this high appraisal who would protect the public by doing so.'

### "CALLS IT UNFORTUNATE.

" 'The circumstances of this case cannot but cast suspicion on a number of public officials and others who may be entirely innocent of any wrongdoing. It is unfortunate.   But why did these officials permit the case to be carried ahead as it was?   Some of them urged it.

" 'Our municipal court is to be congratulated.   It has suddenly discovered how to push a case through. After months of complaint because of its tedious procedure, it has unexpectedly, in this case, found a new energy.   If this energy were directed to the docket in general, it might be possible to clean up some of the crime in Detroit.' "

The matter coming to the attention of the judge, an order was made appointing P. J. M. Hally, Jr., a member of the bar, "friend of the court in the matter of contempt of court proceedings against one Harvey Campbell." Mr. Hally made and filed a verified petition praying a rule that Mr. Campbell show cause, if any, why he should not be punished for contempt. The verified petition sets forth the interview of Mr. Campbell as published and states positively and on oath that he "did utter and cause to be published" the interview.

Order to show cause was made and served. Mr. Campbell, by his counsel, moved to dismiss, chiefly on the ground of insufficiency of the petition, and, this denied, answer was filed and hearing had. Mr. Campbell gave the interview for publication and it was published as given. He was found guilty of contempt and sentenced to jail. The cause is here for review on certiorari and *habeas corpus.*

Neither refinement nor discussion is necessary to demonstrate that the interview published is contemptuous. It is so on its face. The language tends to degrade the court and to embarrass administration of justice. It charges the court with participation in conduct so vile and so corrupt that it "smells to heaven." 13 C. J. p. 4.

The statute (3 Comp. Laws 1915, § 12270) requires in case of misconduct not committed in the immediate view and presence of the court, that the court before proceeding "shall be satisfied by due proof by affidavit of the facts charged."

In *Montgomery* v. *Muskegon Circuit Judge,* 100 Mich. 436, it is said that the—

"charges must be supported by positive statements in affidavits made by persons having knowledge of the facts,—that statements on information and belief are not sufficient."

And it was also held in that case respecting contempts that the decision of the trial judge—

"as to whether there was sufficient basis for issuing the order to show cause can only be reversed in case of a total absence of a showing of facts justifying such action."

A chief reason for the rule that the affidavit must be made positively and as of knowledge is that the public is entitled to the protection afforded by the penalties imposed for false swearing. 2 A. L. R. 226. Had the verified petition as above set forth of Mr. Hally proven false he would have been amenable to law, so the petition satisfies such requirement. It sets forth among other things the interview. It states that Mr. Campbell gave it and caused it to be published. We cannot say on this record that Mr. Hally had no personal knowledge of what he stated positively and as of knowledge, and on oath. Nor can we say that there was "a total absence of a showing of facts justifying" the rule to show cause. *Montgomery* v. *Muskegon Circuit Judge, supra; People* v. *Lynch,* 29 Mich. 274. A holding that the court had jurisdiction of the matter must follow, and it likewise follows that we may not disturb the denial of the motion to dismiss.

There is objection that the facts here are set forth in the form of verified petition rather than in the form of affidavit. The objection is technical, and, we think, without substance. *In re McHugh,* 152 Mich. 505.

Other matter suggested has had our consideration. Judgment affirmed.

Fead, C. J., and North, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.