830

District Court, E. D. Michigan, S. D.
May 8, 1934.

See, also, 6 F. Supp. 164.

Ralph E. Routier, of Detroit, Mich., for plaintiffs.

William L. Thorp, of Detroit, Mich., for defendants.

TUTTLE, District Judge.

Upon issue joined by bill and answer, proofs were taken in open court and a decree entered dismissing the bill with costs to the defendants to be taxed. The defendants have now, in advance of taxing costs in the usual manner before the clerk of the court, petitioned the court to assess damages against the plaintiffs and the Ætna Casualty & Surety Company of Hartford, Conn., for loss, expenses, and damages caused to defendants by temporary injunction issued in this cause, including all reasonable costs (together with a reasonable attorney's fee) and the expenses of defense against said temporary injunction and against the injunctive relief sought in this proceeding and denied by the court in the decree. It is further prayed that when the said damages and costs have been so determined, an amended or supplemental final decree may be entered therefor against the plaintiffs and against the Ætna Casualty &

Surety Company of Hartford, Conn., said surety company having become the surety upon the bond required by statute to be filed prior to the issuance of the temporary injunction. Proper notice of the hearing on this petition was given to the plaintiffs and to the surety company.

Only two questions are presented, namely, the right to damages and expenses in addition to the usual taxable costs, and the actual amount of such damages and expenses. These questions will be now considered.

1. The Act of Congress of March 23, 1932 (chapter 90, 47 Stat. 70–73), being sections 101–115 of title 29 of the United States Code (29 USCA §§ 101–115), entitled "An Act to amend the Judicial Code and to define and limit the jurisdiction of courts sitting in equity, and for other purposes," has already by this court and in this case been held to be valid and applicable to this case. The portion of this act applicable to the particular questions now involved reads as follows:

"Sec. 7. * * * No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.

"The undertaking herein mentioned shall be understood to signify an agreement entered into by the complainant and the surety upon which a decree may be rendered in the same suit or proceeding against said complainant and surety, upon a hearing to assess damages of which hearing complainant and surety shall have reasonable notice, the said complainant and surety submitting themselves to the jurisdiction of the court for that purpose. But nothing herein contained shall deprive any party having a claim or cause of action under or upon such undertaking from electing to pursue his ordinary remedy by suit at law or in equity."

The bond signed by the plaintiffs, as principals, and by the Ætna Casualty & Surety Company, Hartford, Conn., as surety, read in part as follows:

"Whereas, on January 6, 1934, the above bounden did institute a cause of action in equity in the United States District Court of the Eastern District of Michigan, Southern Division, in Equity, as plaintiff, Cause #6191, against the above-named defendants * * * and an order for temporary injunction was issued on January 8, 1934, conditioned upon the giving of a bond in the penal sum of one thousand and no/100 ($1,-000.00) dollars,

"Now, Therefore, the condition of this obligation is such that if the defendants in the above-entitled cause shall recover or be awarded any costs, attorneys fees or damages in this cause against the plaintiffs and the plaintiffs shall cause the same to be paid to the defendants in an amount not to exceed one thousand and no/100 ($1,000.00) dollars, being the amount of this bond, then this obligation to be void, otherwise of full force and effect."

No objection to the form of this bond was made by the attorney for the defendants when the bond was approved by the court and filed in the case and no question is now raised by the attorney for the plaintiffs relative to the form of the bond. The question presented is whether the statute above quoted applies and the defendants are entitled in this kind of a case to their actual expenses in conducting their defense in this suit to the extent that such actual expenses are reasonable, or the defendants are to be limited to the arbitrary amounts allowed in taxing costs in the ordinary equity case. Counsel for the defendants relies upon the language of the statute above quoted for his claimed allowance. Counsel for plaintiffs, in opposing, relies upon those sections of the code which control in taxing costs in the usual case. Decisions are cited by counsel for plaintiffs in which courts have held that the provisions of the code were controlling as to the amount to be taxed for attorneys' fees, rather than the value of the services rendered by the attorney. These were all cases of the ordinary type and are cases which arose prior to this 1932 act which is here applicable. Those cases have no bearing upon this question. No cases have been cited and I have found none interpreting this particular statute. The provisions of the 1932 act are plain and are within the power of Congress. The bill asked temporary and permanent injunction against the defendants. A temporary injunction was issued and the statutory bond was given. On final hearing it was held that no injunction should issue and the bill was dismissed. The case comes clearly within the statute, which provides that defendants are entitled to recover their loss, expense, and damage caused by the improvident and erroneous issuance of the temporary injunction, including all reasonable costs (together with a reasonable attorney's fee) and expenses of defense against the temporary injunction and against the permanent injunctive relief sought, all of which has now been denied by this court. I take this to mean that defendants are entitled to recover all damages and all reasonable expense caused them by this suit. Local Union of Brotherhood of Painters, etc., v. Barker Painting Co., 58 App. D. C. 51, 24 F. (2d) 879.

2. The second question has to do with the amount of such damages and reasonable expense. It is entirely a question of fact. I have heard proof in open court as to such damages and such expenses. These are my findings:

(a) There was no damage to defendants because of the issuance of the temporary injunction. There was no damage of any kind to the defendants as a result of the suit other than those which will immediately be considered under the heading of reasonable costs and expenses.

(b) I fix $500 as a reasonable attorney's fee for the attorney for the defendants for all of his services of every kind and nature in connection with this suit. This to cover his services both in court and out of court. I have taken into consideration the time spent, the quality of the work done, the importance of the matter involved, the results obtained, the usual charges made by lawyers in Detroit, and all other matters disclosed by the evidence, records, and files. In order that the files may disclose as much as possible about the manner in which this case has been prepared and submitted to the court, I am this day filing in the case all briefs which have been submitted to me for my consideration.

(c) The defendants paid $29 to the court reporter for his services. I find that this was a reasonable expense incurred by defendants in conducting their defense.

(d) As to the officers of the defendant union and as to other witnesses at the hearings on the temporary and permanent injunctions, I find that none of them were needed in court except for the purpose of testifying; that none of these parties and witnesses is entitled to any allowance except the usual per diem and traveling fees for the witnesses who were actually called by the defendants and gave testimony in court. None of them

came within a proper definition of expert witnesses. The defense was almost entirely a legal defense based upon the failure of the plaintiff to make out a case. I hold that any payment to any of these witnesses in excess of the usual statutory fee of $1.50 per diem and 5 cents per mile traveling fee was unnecessary and unreasonable.

(e) The defendants are, of course, entitled to tax and recover the ordinary and actual fees paid to the clerk. The clerk is to tax the costs for the defendants in the following manner: He will tax for defendants an attorney fee of $500, a stenographer's fee of $29, and such items for clerk's fees and witness fees as are ordinarily taxed under the statutes and the rules of this court.

The decree in this case for the costs and expenses so taxed shall, pursuant to the statute, run against the said plaintiffs and the said surety company.