# AMERICAN GAS MACHINE COMPANY, INC. v. JOSEPH VOORHEES AND OTHERS.[1]

December 30, 1938.

No. 32,014.

*Josiah A. Baker,* for appellants.

*Bennett O. Knudson,* for respondent.

PETERSON, JUSTICE.

In March, 1937, respondent sued Voorhees and others for damages caused by defendants during a "sit-down" strike and to enjoin certain conduct of the strikers. A temporary restraining order was issued on March 27, 1937, and was renewed and extended on various dates between that time and August 9, 1937. On August 9 defendants moved to dismiss the action upon the grounds that conditions alleged in the complaint no longer existed and "for the further reason that said plaintiff has expressly agreed to dismiss said action." Respondent objected to dismissal, claiming that the agreement did not sufficiently protect it against claims which might be asserted by defendants. August 14, 1937, the court ordered that the action be dismissed "because of said agreement of April 3, 1937."

[1]Reported in 283 N. W. 114.

By that agreement respondent promised to dismiss all legal proceedings arising out of the strike upon delivery to it of a release of all claims which any of defendants might have by reason of the strike and proceedings had with reference thereto. Defendants executed and delivered a release in substantial compliance with their agreement. On December 6, 1937, defendants moved for an order assessing damages, costs, and expenses incurred in defending the action and in securing dissolution of the restraining order, and for judgment for the amount so assessed under L. 1933, c. 416, § 7(e) (3 Mason Minn. St. 1938 Supp. § 4260-7[e]), which provides that an undertaking shall be filed by one seeking a restraining order—

"to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a s[r]easonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court."

The motion was denied, the court finding that there was no proof that the restraining order had been improvidently or erroneously issued, that no order had ever been made dismissing the restraining order, and that the action for damages and injunction had been dismissed pursuant to the agreement of settlement. Defendants appeal from the judgment entered pursuant to the order denying the motion.

We assume for purposes of decision that the dismissal of the action dissolved the temporary injunction for all purposes except the jurisdiction retained to prosecute for contempts already committed. Nielsen v. City of Albert Lea, 87 Minn. 285, 91 N. W. 1113; Mitchell v. Sullivan, 30 Kan. 231, 1 P. 518. Such retention of jurisdiction did not, however, keep the restraining order in force for other purposes. Liability on the bond is predicated by its terms and the provisions of the statute upon the improvident or erroneous issuance of the restraining order to the damage of the party enjoined. The improvident or erroneous issuance of the restraining order must be shown. The only showing here is the judgment of dis-

missal entered upon the agreement of the parties. The dismissal only provides that the parties agreed to the discontinuance. Such agreement relates not to the plaintiff's right to the restraining order but to the subsequent fact of discontinuing the restraining order already issued. A judgment of voluntary dismissal by agreement of the parties of an action in which a restraining order has been issued is not an adjudication that the restraining order was improvidently or erroneously issued. Nielsen v. City of Albert Lea, 91 Minn. 392, 98 N. W. 197; Downs v. American Surety Co. 132 Minn. 201, 156 N. W. 5; Palmer v. Foley, 71 N. Y. 106; St. Joseph & E. Power Co. v. Graham, 165 Ind. 16, 74 N. E. 498, 6 Ann. Cas. 399, 401. In Wise Shoe Co. Inc. v. Fischer, 158 Misc. 514, 286 N. Y. S. 14, assessment of damages under the New York Civil Practice Act caused by the wrongful issuance of an injunction in a labor dispute in a situation similar to that here involved was denied where it appeared that the plaintiff dismissed the injunction after it and its striking employes had adjusted their differences. The court assumed that by the settlement the parties consented to the discontinuance of the pending injunction. A judgment of dismissal by mutual agreement of the parties is to be distinguished from one of voluntary discontinuance by the plaintiff alone without the defendant's consent, since it has been held that such a judgment is an adjudication that the plaintiff was not entitled to the injunction, Nielsen v. City of Albert Lea; St. Joseph & E. Power Co. v. Graham, *supra,* and from a judgment of dismissal by the court upon the merits after trial. Cinderella Theatre Co. Inc. v. Sign Writers' Local Union (D. C.) 6 F. Supp. 830. The last cited case arose under the Norris-LaGuardia Act, 29 USCA, § 101, *et seq.,* after which our statute is patterned.

It makes no difference that the plaintiff resisted the dismissal. The fact is that the judgment is based on the agreement to dismiss. It only adjudicates what the parties agreed and not that the restraining order was improvidently or erroneously issued.

Affirmed.