**ELECTRO–CRAFT
CORPORATION, Respondent,**

v.

**CONTROLLED MOTION, INC., et
al., Appellants.**

**No. C0–85–275.**

Court of Appeals of Minnesota.

July 2, 1985.

Review Denied Sept. 19, 1985.

Harold D. Field, Jr., Michael A. Nekich, Minneapolis, for respondent.

Richard D. Donohoo, Garrett E. Mulrooney, St. Paul, for appellants.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Respondent-plaintiff Electro-Craft Corporation (ECC) sought a temporary restraining order (TRO) and a temporary injunction (TI) against appellant-defendant Controlled Motion, Inc. (CMI). ECC posted $260,000 in bonds. The district court permanently enjoined CMI, but the supreme court reversed this order, holding that ECC failed to establish trade secrets.

CMI moved the district court to assess its damages against the injunction bonds for attorney fees and costs incurred in defending against the wrongfully issued injunctions. The trial court denied the motion. CMI appeals the denial of its damages.

## FACTS

On September 26, 1980, ECC sought a temporary and permanent injunction, as well as compensatory and punitive damages, against CMI. On October 1, 1980, the district court granted a temporary restraining order enjoining CMI from accepting orders from ECC's customers for brushless DC motors. ECC was required

to post $60,000 bond. The district court subsequently issued a temporary injunction on April 16, 1981, enjoining CMI from selling any low inertia, DC electro motors. The TI was conditioned on ECC posting a $200,000 bond.

In October 1981, judgment was entered enjoining CMI from "manufacturing or selling any brushless or low inertia electric motor or tachometer which has any dimension in its armature or magnet which is within 10% of ECC's brushless motor produced for IBM." The trial court also found that CMI had violated the temporary injunction. In its prayer for relief, ECC had sought compensatory and punitive damages. The trial court awarded punitive damages for CMI's violation of the temporary injunction, but granted no compensatory damages. The punitive damages were later rescinded.

CMI appealed the decision, and the supreme court reversed the district court's permanent injunction, holding that ECC had not established the existence of trade secrets. However, the supreme court affirmed the trial court's contempt order for CMI's violation of the temporary injunction. *Electro-Craft Corporation v. Controlled Motion, Inc.*, 332 N.W.2d 890 (Minn.1983). With respect to the contempt order, the supreme court said:

> The district court originally awarded ECC contempt damages of $50 per CMI motor and also ordered CMI to pay the premiums on ECC's cost bond. Later the per unit damages were rescinded for lack of supporting evidence, but CMI remained liable for the premiums. We believe that the bond premium liability is an appropriate remedy because CMI's actions rendered the bond meaningless.

*Id.* at 904.

After prevailing on appeal, except for the contempt order, CMI moved the district court to assess the bonding company for damages as a result of the improperly issued TRO and TI. CMI claimed damages in excess of $260,000, the total amount of the two bonds posted by ECC. CMI limited its claim for damages to attorney fees and costs incurred for time spent by CMI employees extensively involved in the litigation.

The district court ordered CMI to segregate the fees and costs claimed in the matter according to terms the court set out in a memorandum. The trial court memo concluded that damages incurred defending the main action (permanent injunction) are not recoverable unless the sole relief sought in the main suit was the injunction.

CMI responded to the order with a memorandum arguing that attorney fees and employee time costs incurred in defending against the main action are recoverable against the bonds. CMI did not segregate fees and costs, nor did it provide any detailed accounting as requested by the trial court. However, it did reduce the amount claimed by $3,000. The district court denied any damages to CMI. This appeal followed.

## ISSUE

Did the trial court err in denying appellant's claim for attorney fees and costs against bonds required to be posted in obtaining a TRO and TI, later held to be wrongfully issued?

## ANALYSIS

To recover on an injunction bond, the party seeking damages must establish that he suffered the damages proximately caused by the restraining order to which the opposing party was not entitled. *Hubbard Broadcasting, Inc. v. Loescher*, 291 N.W.2d 216 (Minn.1980). The supreme court denied attorney fees claimed against a bond posted for a TI which were subsequently incurred defending the main action. *Lamb v. Shaw*, 43 Minn. 507, 45 N.W. 134 (1890).

Later, the supreme court distinguished the *Lamb* decision from a case in which it allowed attorney fees as damages against an injunction bond when the injunction was issued solely to enjoin plaintiffs from prosecuting certain actions. *Nielsen v. City of*

*Albert Lea,* 87 Minn. 285, 91 N.W. 1113 (1902).

In *Nielsen,* the city had obtained an injunction to prevent plaintiffs from pursuing independent suits seeking damages for the city's maintenance of a dam which caused flooding on the plaintiffs' lands. The city subsequently filed its own fictitious cause of action. Ultimately, the city dismissed this cause of action, dissolving the injunction. Plaintiffs in the original suits brought an action to recover attorney fees on the injunction bond which they had incurred in attempting to dissolve the injunction and challenge the validity of the city's complaint.

The court in *Nielsen* concluded that the *Lamb* decision was based on the proposition that "the principal cause would proceed and be determined on its merits without regard to the temporary injunction, and that only such expenses could be recovered on the bond as were naturally incidental to the allowance of the writ." *Id.* at 287, 91 N.W. at 1114. The *Nielsen* court noted that the *Lamb* decision was still good law, but the principle did not apply in *Nielsen.*

Appellant CMI argues that *Lamb* is the exception, while *Nielsen* is the rule. However, the supreme court in *Pelkey v. National Surety Co.,* 143 Minn. 176, 173 N.W. 435 (1919), again relied on the *Lamb* decision to hold that *only* when the sole purpose of the action is to secure a permanent injunction are attorney fees incurred in defending the main action within the terms of the injunction bond. *Id.* at 178, 173 N.W. at 436. Otherwise, the temporary injunction is ancillary to the main action, and attorney fees incurred in the latter are not recoverable in an action on the bond.

 Here, the situation is the conventional temporary/permanent injunction suit. Damages contemplated in the temporary injunction, for which the bond was posted, were those "naturally incidental" to the prohibition against CMI's selling the motors in question. Attorney fees and employee time costs incurred in defending the main action are not incidental to the damages contemplated in the TI. Moreover,

CMI seeks damages against a bond posted to support the injunction which it violated. The supreme court upheld the trial court's contempt order for this violation. *Electro-Craft Corporation v. Controlled Motion, Inc.,* 332 N.W.2d 890.

## DECISION

We affirm the district court's order denying CMI's claim for attorney fees and costs against the TRO and TI bonds.

Affirmed.