THE PACIFIC MAIL STEAMSHIP COMPANY, Appellant, *against* WILLIAM TOEL, SURVIVOR OF CHARLES LULING, Respondent.

(Decided June 7th, 1880.)

An appeal should not be deemed waived or abandoned or be so declared for want of prosecution, by a strict enforcement of the rules of practice, even in a case of long delay in bringing on the argument, where both parties have slept upon their rights.

Where an injunction has been granted in an action on the application of the plaintiff, upon filing an undertaking in the usual form,—for the payment to the defendants of damages sustained by reason of the injunction if the court "shall finally decide that the said plaintiff was not entitled thereto,"—an order entered upon the plaintiff's consent, vacating the injunction, and a subsequent order, entered upon the plaintiff's motion ex parte, discontinuing the action on payment of costs, amount to a decision that the plaintiff was not entitled to the injunction, sufficient to sustain an order of reference to ascertain the defendant's damages by reason thereof.

The sum specified in such an undertaking is the limit of the liability thereon ; and when, upon such a reference, the referee reports a larger sum as the damages, the report should not be confirmed.

APPEALS from several orders of this court at special term.

The facts are stated in the opinion.

*James P. Lowrey*, for appellant.

*J. A. Shoudy*, for respondent.

LARREMORE, J.—On December 29, 1866, an agreement was entered into by the parties hereto respecting the steamships "Atlantic," "Baltic" and "Western Metropolis," in pursuance of which, on March 1, 1867, a mortgage was given to defendants' firm upon said steamships, which mortgage contained a power of sale at public auction of either of said vessels, after notice of twenty days by advertisement in one

or more public newspapers published in the city of New York.

The "Baltic" was sold by mutual agreement, and, default having been made in the payment of the mortgage, the "Atlantic" and "Western Metropolis" were advertised for sale on May 14, 1868. Various adjournments of the sale were had until June 30, 1868, when the vessels were sold.

In the meantime plaintiff commenced this action, claiming, among other grounds of relief, irregularities in notice and publication of the sale and defendants' proceedings thereunder. An injunction was thereupon granted, May 25, 1868, upon which the usual statutory undertaking was given on plaintiff's part, whereby it bound itself in the sum of $1,000 to pay to the defendants so enjoined such damages, not exceeding the before mentioned sum, as they might sustain by reason of said injunction if the court should finally decide that plaintiff was not entitled thereto, said damages to be ascertained by a reference or otherwise as the court should direct. On May 26, 1868, an order to show cause was granted, returnable May 27, 1868, why the plaintiff should not give additional security of at least $150,000. It does not appear that this motion was ever heard or decided. By an order of June 4, 1868, on consent of plaintiff's attorney, the injunction was vacated and discharged.

The answer of defendants to the complaint and a reply were duly served.

On May 26, 1869, on motion of plaintiff's attorney, an exparte order was made discontinuing the action on payment of costs. On May 26, 1869, an order was granted on application of defendants' attorney requiring plaintiff to show cause on May 27, 1869, why the order last mentioned should not be vacated and set aside on the ground that this was an equity action, that the answer set up a counter-claim, that issue had been joined by the service of a reply thereto, and that the order of discontinuance was granted without notice to the defendants.

The result of this application can only be ascertained by a subsequent order, made in the action in October, 1869, which, after reciting the order of May 26, 1869, and the papers upon which it was granted, the appearance of counsel in favor of and

Pacific Mail Steamship Co. *v.* Toel.

in opposition thereto, ordered a reference to ascertain the damages which the defendants had sustained by reason of the injunction issued in the action, with leave to defendants to apply for judgment against the plaintiff for such damages, costs and allowance as might be awarded.

From this order the plaintiff appealed.

The reference proceeded pursuant to said order, both parties appearing thereon. On March 14, 1877, the referee made his report assessing defendants' damages at $4,284.25. The report was filed May 5, 1877, and the plaintiff filed exceptions thereto, which were argued and overruled and the report confirmed by an order dated July 27, 1877. From this order also the plaintiff appealed.

On April 20, 1878, the defendants moved to dismiss plaintiff's appeal from the order of reference on the ground that no notice of such appeal had been duly filed with the clerk of this court, and also moved to have said appeal declared abandoned for want of prosecution and upon the further ground that plaintiff had waived and elected to abandon said appeal by proceeding under the order of reference and by attending on the motion to confirm the report without objection.

On April 25, 1878, the plaintiff moved to correct the minutes of the referee and amend the same by adding thereto the memoranda contained in schedule A, showing that plaintiff objected to and had not waived his objection to the order of reference and the proceedings under the same.

Both of the motions were heard together and denied by an order dated August 24, 1878, from which both parties appealed.

The questions involved offer the following ones for consideration :

1st. Did plaintiff duly appeal from the order of reference ?

Of this fact there can be but little, if any, doubt. The proof on plaintiff's part is positive and certain; that of the defendants is purely negative in character, and necessarily unsatisfactory.

2d. Was such appeal waived or abandoned, or should it be so declared for want of prosecution ?

This question should have been decided by the court below

(Rule 8 of this court), but, as its decision affects the ultimate determination of plaintiff's rights in the premises, and no objection is raised by counsel, this court will regard it as duly submitted.

Conceding that the long delay in bringing on the argument constitutes laches, yet where *both* parties have slept upon their rights, strict rules of practice should not be enforced.

3d. Has the appeal any merits?

The order of October, 1869, was rightfully made if it had then been finally decided that the plaintiff was not entitled to the injunction. A mere discontinuance of the action would not have authorized the reference (*Drummond* v. *Husson*, 14 N. Y. 60; *Palmer* v. *Foley*, 71 N. Y. 111).

But in this case there was an order on plaintiff's consent vacating the injunction, and this, in my judgment, was sufficient to meet the requirements of the statute.

If this conclusion be correct, the questions of waiver and the right to amend the record in this respect are out of the case.

4th. As to the exceptions to the report.

To the refusal of the referee to find the several facts contained in plaintiff's requests, it is sufficient to observe that such findings were not within the limit and purpose of the reference, but were issues that should have been tried in the action. As to the exceptions proper, it may be said that they all relate to the testimony taken before the referee and upon which he had the right to decide.

Limiting the right of defendants' recovery to a period between the date of the service of the injunction and the date of the sale of the vessels, he reports as the total amount of damages the sum of $4,284.25. This amount is largely in excess of the sum named in the plaintiff's undertaking, which fixes the limit of its liability at $1,000 (*Drummond* v. *Husson, supra;* *Lawton* v. *Green*, 64 N. Y. 326).

The order of October, 1869, should be affirmed, and the order of May 5, 1877, should be reversed and a new reference ordered, unless the defendants consent to a modification

thereof, reducing the amount of their claim to the sum speci-
fied in the undertaking.

VAN BRUNT, J., concurred.

Order accordingly.*

---

* The order entered on this decision was affirmed by the court of ap-
peals, June 21, 1881 (see 85 N. Y. 646).