VAN BRUNT, P. J. and O'BRIEN, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs.

---

THE MANUFACTURERS AND TRADERS' BANK, APPELLANT, *v.* THE C. W. F. DARE COMPANY AND OTHERS, RESPONDENTS.

*Undertaking given upon obtaining an injunction — a discontinuance for want of prosecution is a final decision of the action.*

A bank brought an action against a corporation, of which it was a judgment-creditor, also making parties defendant the former manager of the corporation and one Abram Folk, and alleged in the complaint that certain judgments, upon a sale under which the property of the corporation had passed to Folk, were

intended to defraud the bank and to procure a sale of the assets of the corporation, and that Folk was a party to the scheme and asked that the transaction be set aside. The bank procured an injunction which restrained the defendants. from disposing of the merchandise and goods of the corporation, giving the usual undertaking, under section 620 of the Code of Civil Procedure, conditioned to pay the parties enjoined the damages sustained by reason of the injunction, "if the court shall finally decide that the said plaintiff was not entitled thereto."

Folk appeared in the action and denied the alleged fraud, and the corporation and its managers appeared by another attorney and made a similar denial.

The issues, as between the plaintiff and the corporation and its manager, were tried before a referee, who decided to dismiss the complaint upon the merits, and judgment to that effect was entered. After the referee had reported, an order was granted dismissing the action against Folk "for want of prosecution," upon which order judgment was entered. Upon a reference ordered to take proof of the damages sustained from the injunction by the defendants, the referee found that Folk had sustained damages, but that the other defendants had not. From the judgment entered upon the referee's report the plaintiff appealed.

*Held*, that, by the judgments in favor of Folk, and in favor of the other defendants, it was "finally decided" that the plaintiff was not entitled to the injunction.

That the decision as to Folk's rights was final, because the discontinuance of the action as to him was not by agreement, but resulted from the want of prosecution of the action by the plaintiff.

APPEAL by the plaintiff, The Manufacturers and Traders' Bank,. from an order of the Supreme Court, entered in the office of the clerk, of the city and county of New York, on the 11th day of October, 1892, confirming the report of a referee appointed to ascertain the damages. sustained by the defendants by reason of the granting of an injunction, and overruling certain exceptions to his report filed by the plaintiff.

For some time prior to October, 1887, the C. W. F. Dare Company, a corporation, had been engaged in manufacturing toys at the city of New York. On the 5th day of October, 1887, the corporation was insolvent and indebted to many creditors. On the seventh of October Charles F. Lawrence, Charles Frazier and Henry C. Marshall recovered a judgment against the corporation for $1,211.97, and on the next day the same plaintiffs recovered against the corporation a second judgment for $2,060.02. October eighth, Thomas. Frazier recovered against the corporation a judgment for $1,803.20.. These judgments were all entered and docketed in the city and county of New York, and on October 8, 1887, executions were issued upon them to the sheriff, who levied upon the property of the corporation, and October 18, 1887, sold it pursuant to the. executions, the judgment-creditors in the first two judgments

becoming the purchasers. The amount bid was applied towards the satisfaction of the executions of the purchasers, and the execution issued upon the Thomas Frazier judgment was returned wholly unsatisfied. October 14, 1887, the Manufacturers and Traders' Bank, the appellant, recovered a judgment against the corporation for $1,841.33, which, on the next day, was docketed in the office of the clerk of the city and county of New York and an execution issued thereon, which was returned wholly unsatisfied. The purchasers at the execution sale sold the property to one Campora, who, in October, sold it to Abram Folk, who immediately began to carry on the business of manufacturing toys and continued therein until December 6, 1887, when he was restrained by the injunction issued in this action, which was begun on that date against the corporation, Charles W. F. Dare (who had been the general manager of the corporation), and Abram Folk. It was alleged in the complaint that the judgments upon which the executions were issued and the property sold were fraudulent, without consideration, and recovered for the purpose of procuring a sale of the assets of the corporation in order to defraud the plaintiff and other creditors. It was also alleged that Folk was a party to the fraudulent scheme. An injunction was obtained and served, which enjoined and restrained the defendants and each of them "from disposing of, selling, incumbering or in any manner interfering with any of the goods, merchandise or chattels, or stock in trade which was the property of the defendant corporation at the time of the sale by the sheriff, * * * or which are the proceeds of any of the property held by said corporation at the time of such sale." This injunction was served on the 6th of December, 1887, and was obeyed by the defendants. Folk appeared in the action by P. & D. Mitchell, his attorneys, and answered, denying the allegations of fraud contained in the complaint. The corporation and Charles W. F. Dare appeared by another attorney and filed separate answers denying the allegations of fraud. After the service of the answers, and on the 23d of January, 1888, the injunction was vacated by an order, the defendants having executed an undertaking with sureties, conditioned for the payment of any judgment the plaintiff might recover in the action. The issues joined in the action between the plaintiff, the corporation and Charles W. F. Dare were referred to a referee to hear and determine, who afterwards made

his report that the judgments under which the sale was made were valid, recovered on claims justly due and owing by the corporation, and that there was no conspiracy or attempt to defraud its creditors. This report was made on the 14th of May, 1890, and on the twenty-eighth day of that month an order was granted dismissing the action as against Folk " for want of prosecution," with costs, together with costs of the motion. The motion to dismiss was not contested by the plaintiff. May 29, 1890, a judgment was entered on the referee's report " dismissing the complaint on the merits," with costs in favor of the corporation and Charles W. F. Dare. On the 25th of July, 1890, a judgment was entered on the order of May 28, 1890, dismissing the complaint as against Folk, with costs against the plaintiff. When the injunction was granted, an undertaking was executed and filed by which the sureties undertook " that the plaintiff will pay to the defendants enjoined such damages, not exceeding the sum of $2,000, as they may sustain by reason of such injunction, if the court shall finally decide that the said plaintiff was not entitled thereto ; such damages to be ascertained by a reference, or in such other manner as the court may direct."

The defendants obtained an order to take proof and report as to damages, if any, sustained by them, or either of them, by reason of the injunction. A report was rendered in favor of the defendant Folk, which was confirmed at Special Term, but was reversed by the General Term (40 N. Y. St. Rep., 736), and afterwards the present referee was appointed to take proof and report. He found that the defendant Folk had sustained damages by reason of the injunction to the amount of $3,740.66, but that the other defendants had not been damaged. The plaintiff excepted to the report, but the exceptions were overruled and the report confirmed at Special Term.

*Rogers, Locke & Milburn*, for the plaintiff, appellant.

*L. A. Gould*, for the defendants, respondents.

FOLLETT, J. :

The appellant asks for a reversal of the order assessing the damages sustained by the respondent on two grounds : (1.) That the court has not finally decided, within the meaning of section 620 of the Code of Civil Procedure, that the plaintiff was not entitled to the injunction as against the defendant, Abram Folk. (2.) That several

of the items allowed were too remote and contingent to be included within the term "damages sustained by reason of the injunction." A few minor grounds of alleged error are argued on the brief submitted, some of which may be considered later.

Section 620 of the Code of Civil Procedure provides that an undertaking must be given when an injunction is applied for "to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding a sum specified in the undertaking, as he may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto."

The final clause of the foregoing paragraph is the one which it is important to consider, "if the court finally decides that the plaintiff was not entitled thereto." This provision, and in the same words, was contained in section 195 of the Code of 1848, and remained part of the Code of Procedure until it was superseded by the present Code. Before the Code of 1848, the thirty-first rule of chancery provided that an undertaking should be given, conditioned to pay to the party enjoined, "such damages as he may sustain by reason of the injunction, if the court shall eventually decide that the complainant was not equitably entitled to such injunction."

The injunction in this action was not granted on affidavits, but on the verified complaint, and the plaintiff's right to injunctive relief depended upon the establishment, judicially, of the facts pleaded as the cause of action. The *onus* of proving the cause of action alleged was upon the plaintiff, and if, for any reason, it failed to sustain this burden, the action fell, and with it the injunction. Upon the trial of the issues joined, between the plaintiff and the C. W. F. Dare Company and Charles W. F. Dare, two of the defendants, the plaintiff failed to establish the allegations of the complaint, and it was decided that the transactions complained of were free from fraud, and a judgment was entered in favor of those two defendants dismissing the complaint on the merits. After this decision on the merits and before the entry of the judgment thereon, Folk made a motion, on notice to the plaintiff, that the action be dismissed as against him for want of prosecution. The plaintiff did not contest the motion and it was granted by default, and subsequently a judgment was entered on this order dismissing the complaint as against Folk, for want of prosecution. By these two final

judgments it was determined by the court that the plaintiff was not entitled to a judgment in the action against either of the defendants. The right to the injunction being dependent upon the same facts as those alleged as a cause of action, it was in effect decided that the plaintiff was not entitled to the injunction. In *Palmer* v. *Foley* (71 N. Y., 106), the action was discontinued upon the agreement of the parties, the plaintiff paying to the defendant $100 as costs. It was held that this was not equivalent to a final decision of the court, that the plaintiff was not entitled to the injunction order when it was granted. In discussing the case, it was said : " It is claimed that this is equivalent to the court finally deciding that the plaintiff was not entitled to the injunction order. Cases are cited which almost hold to that effect. I will not name them. In most of them there was some action of the court, upon the validity or merit of the injunction order, adverse to the plaintiff's right to have it allowed. The plaintiff, after such action, discontinued of his own motion, and, presumably, in consequence thereof. In none of them was the discontinuance a matter of agreement between the parties to the action." In the case at bar the action was not discontinued by agreement, but by an order of the court upon a motion made, which was undefended, presumably upon the ground that it had already been decided that the action could not be sustained. *Benedict* v. *Benedict* (76 N. Y., 600) was brought to compel the defendant to convey to the plaintiff land which the defendant was restrained from selling or incumbering during the pendency of the action. The final judgment rendered was that the plaintiff was not entitled to a conveyance of the land, but that he had an equitable lien thereon, and a sale was ordered to satisfy the lien and costs. The defendant moved for a reference to ascertain his damages sustained by reason of the injunction, which was refused upon the ground that it had not been finally decided that the plaintiff was not entitled to it. In that case the action had not been determined in favor of the defendant, and it may well have been that the plaintiff was entitled to the injunction to restrain the conveyance or incumbrance of land on which the plaintiff had an equitable lien. In *The Pacific Mail Steamship Company* v. *Toel* (9 Daly, 301; 85 N. Y., 646), a temporary injunction was granted which the plaintiff's attorney

afterwards voluntarily vacated.  After the cause was at issue, the plaintiff entered an *ex parte* order without the consent of the defendant, discontinuing the action on payment of costs.  The right to damages sustained by reason of the injunction was contested on the ground that the court had not finally decided that the plaintiff was not entitled to the injunction.  In considering this question, it was said in the Court of Appeals: "The orders vacating the injunction and discontinuing the action entered by the plaintiff are, in effect, a determination, or, at least, equivalent to a determination that the plaintiff was not entitled to the injunction granted."

In *Amberg* v. *Kramer* (29 N. Y. St. Rep., 958), the General Term of this department held that a voluntary vacation of an injunction and the subsequent discontinuance of the action on the plaintiff's motion was equivalent to a determination that he was not entitled to the injunction.  The rule contended for by the appellant would require defendants, in all cases where injunctions are granted on verified complaints, and the actions are dismissed for want of prosecution, or by voluntary discontinuance, to take upon themselves the burden of showing that the allegations in the complaint were unfounded, and of procuring an express adjudication that the plaintiff was not entitled to the injunction, as a prerequisite to the right to have the damages assessed.  Such was not the intended effect of the provisions of the Code under consideration.

The referee reported that Abram Folk sustained damages by reason of the injunction to the amount of $3,740.66.  The items found by him seem to overrun this sum, and it is not exactly apparent how his conclusion was reached.

The following are the items reported:

| | |
|---|---:|
| Rent paid for factory while use was enjoined | $416 66 |
| Watchman for 7 weeks, at $12 per week | 84 00 |
| Keeping horse, use restrained | 20 00 |
| Salary of manager, 7 weeks, at $25 a week | 175 00 |
| Loss of wages paid | 25 00 |
| Defendant's counsel fees on the reference | 250 00 |
| Orders on hand when injunction was served and received during its continuance, $4,826.77; ten per cent profit thereon, lost | 482 67 |
| | $1,453 33 |

| | | |
|---|---:|---:|
| The factory had capacity to produce toys during the 7 weeks the injunction was in operation of the value of $17,500; loss of profit thereon, 10 per cent | $1,750 | 00 |
| Injury to good will | 500 | 00 |
| Referee's fees on first reference | 120 | 00 |
| Counsel fees on first reference | 150 | 00 |
| | $3,973 | 33 |

Upon an examination of the record we think the evidence was sufficient to sustain the first seven items, aggregating $1,453.33, but that it was insufficient to sustain the last four items. It cannot be fairly inferred from the evidence that the defendant, during the seven weeks he was under restraint, would have received orders for, and been able to manufacture, toys of the value of $17,500. Nor is there any evidence that he lost $500 by the injury to good will. The defendant is no more entitled to recover the $270 paid in the first reference, which was not sustained, than he would have been to recover counsel fees paid in an unsuccessful attempt to have procured the injunction to be vacated. We think, under the evidence, that the defendant's damages recoverable on the bond are $1,453.33.

It appears that after the conclusion of the first reference Folk assigned his interest in the sum reported to one Marshall, and it is urged that the respondent has no interest in the damages, and that the reference cannot be prosecuted in his name. The terms of the assignment do not appear. It may have been absolute, but it may have been conditional or by way of security. We do not think that the record discloses such a want of interest in the damages as to preclude the defendant from the right to prosecute this proceeding.

The referee's report and the order of the Special Term entered thereon should be modified by fixing the amount of damages sustained by reason of the injunction at $1,453.33, and, as modified, affirmed, without costs to either party.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order modified as directed in opinion, and, as modified, affirmed, without costs to either party.