## St. Joseph & Elkhart Power Company et al. *v.* Graham et al.

### [No. 20,624.   Filed May 23, 1905.]

1. INJUNCTIONS.—*Temporary Restraining Orders.—Bonds.—Voluntary Dismissal.—Damages.*—The voluntary dismissal of a suit for injunction is a breach by confession of a bond given to secure a temporary restraining order therein.   p. 19.

2. SAME. — *Temporary Restraining Orders. — Bonds. — Agreed Dismissal.*—An agreed dismissal of a suit for injunction is not a breach by confession of a bond given to secure a temporary restraining order.   p. 19.

3. SAME.—*Dismissal by Agreement.—Bonds.—Liability.*—Where a landowner brings suit to enjoin the erection of electric light poles on his land, and the company brings suit to restrain such landowner from cutting down poles already set, and the parties mutually agree to a settlement, the company's suit being dismissed and an agreed decree being rendered in the landowner's suit, such dismissal is not equivalent to a decree that no cause for such company's suit existed, and such settlement constitutes a complete defense to an action for breach of the company's bond.   p. 21.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Suit by Archibald G. Graham and others against the St. Joseph & Elkhart Power Company and another.   From a judgment for plaintiffs, defendants appeal.   Transferred

from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Anderson, Du Shane & Crabill,* for appellants.

*Samuel Parker, Charles Krieghbaum* and *Talbot & Talbot,* for appellees.

MONKS, C. J.—The St. Joseph & Elkhart Power Company, one of the appellants, was engaged in erecting a line of poles across the land of appellee Graham when said appellee brought a suit, (No. 9,487) in the court below, and secured a temporary injunction against the further erection of the same. While this suit was pending the power company brought a suit, (No. 9,495) in the court below, and, by giving their bond, secured a temporary restraining order, restraining appellees from cutting down the poles already erected on said land.

Afterwards the parties to said suits entered into a written agreement, which, omitting the names of the parties thereto, is as follows: "It is agreed between the above-named parties: (1) That, in cause No. 9,487, now on the docket of the St. Joseph Circuit Court, the following finding and decree shall be entered: 'This cause comes on for trial and is submitted to the court without the intervention of a jury, and the court having heard the evidence and being fully advised in the premises finds for the plaintiff that the allegations of his complaint are true and that the allegations of the plaintiff's reply are true. It is therefore considered and adjudged that the defendant, its agents, servants, successors, assigns and representatives are forever enjoined from entering, remaining, digging, excavating, working or being upon or erecting or maintaining poles, wires or anything whatsoever, including all conductors of electricity and telephone or telegraphic communication, upon, on or over, or conducting telephone or telegraphic lines or wires or poles on or over the south half of the

southwest quarter of the southwest quarter of section fifteen, in township thirty-seven north, of range three east, in St. Joseph county, Indiana, except a strip of land not exceeding eighteen inches in width along and adjoining the southern boundary line of said section, and said Graham agrees to permit said defendant in this cause, and it is so agreed, to have the privilege of erecting a pole line in the line of the curb on the north side of Twelfth street, which said curb line is nine feet south of the southern boundary line of the south tier of lots in Towle's first addition to Mishawaka, St. Joseph county, Indiana. No wire is to be placed on said poles a less distance than twenty-two feet from the ground and no cross-arm or wire is to extend more than three feet north or south of the center of any pole in said line to which the same is attached. It is adjudged that the defendant pay the costs of this action. (2) Cause No. 9,495 now on the docket of said court, and in which all said persons are parties plaintiff or defendant, is to be dismissed at plaintiff's cost. * * * By agreement of parties, defendant may, within thirty days, remove poles from Graham's land.' "

This suit was brought by appellees on the bond given by appellants to secure the temporary restraining order in case No. 9,495, which suit was dismissed at appellants' cost under said written agreement. Appellants filed two paragraphs of answer, setting up said written agreement, and alleging that the same was executed in compromise and adjustment of all matters and disputes between the parties in relation to the erection of the line of poles and the occupation of the land in controversy, and that a decree and judgment was entered in each of said cases in accordance with said agreement, and that the power company paid the costs in each of said causes. Appellees' demurrer for want of facts was sustained to each of said paragraphs of answer, to which rulings of the court appellants at the time excepted. A trial of said cause resulted in a judgment in

favor of appellees. Each of these rulings of the court is assigned for error.

It was held by this court in *Swan* v. *Timmons* (1881), 81 Ind. 243, 245, that the voluntary dismissal by the plaintiff of an action in which a bond had been given and a temporary restraining order or injunction had been obtained, is such a breach of the bond as gives the defendant a right of action thereon. This is upon the ground that by dismissal the plaintiff confessed that he had at that time no legal or equitable right to the injunction granted, and is the same as a judgment to that effect. *Dowling* v. *Polack* (1861), 18 Cal. 625, 627; *Loomis* v. *Brown* (1853), 16 Barb. 325, 330; *Manufacturers, etc., Bank* v. *Dare Co.* (1893), 67 Hun 44, 50, 21 N. Y. Supp. 806; *Perlman* v. *Bernstein* (1903), 83 Hun, App. Div., 203, 205, 82 N. Y. Supp. 148; *Frahm* v. *Walton* (1900), 130 Cal. 396, 399, 62 Pac. 618; 2 High, Injunctions (3d ed.), §1649a; 10 Ency. Pl. and Pr., 1124; 1 Spelling, Injunctions (2d ed.), §957; 16 Am. and Eng. Ency. Law (2d ed.), 456, 457.

When, however, the dismissal of the action is by an amicable and voluntary agreement of the parties, the same is not a confession by the plaintiff that he had no right to the injunction granted, and does not operate as a judgment to that effect. 1 Beach, Injunctions, §180; *Palmer* v. *Foley* (1877), 71 N. Y. 106, 111; *Johnson* v. *Elwood* (1880), 82 N. Y. 362, 365, 366; *Perlman* v. *Bernstein, supra; Manufacturers, etc., Bank* v. *Dare Co., supra; Cassem* v. *Ernst* (1899), 84 Ill. App. 70, 76; *Columbus, etc., R. Co.* v. *Burke* (1896), 54 Ohio St. 98, 123, 43 N. E. 282, 32 L. R. A. 329. It was said in the case last cited: "When a plaintiff obtains an injunction by giving a bond to answer for such damages as may be caused the defendant by its allowance, and, afterward, voluntarily and without the consent of the defendant, dismisses his action, there is much reason for holding that he should be

estopped to say, in an action on the bond, for the recovery of damages, that it has not been decided that the injunction ought not to have been granted. For, in such case, he, by his own act, has prevented the defendant from having a decision. And such is the substance of the holding in the various cases cited by counsel for the defendant in error. But none are cited, and we have found none, that the same rule applies, where the dismissal is with the consent of the defendant. And there is not the same reason for holding that it should. In such case the defendant has an opportunity to insist that, before the dismissal is had, the court determine whether the injunction ought to have been granted, so that an action may be prosecuted on the bond, if such is his purpose. If he fails to do this, and consents to the dismissal of the action, his conduct is consistent with the inference that he intends to waive any right he may have on the bond. It may be, and no doubt frequently happens, that, in such case, the defendant is content to be left with a recognition of his right by the plaintiff to the subject of dispute, without further litigation, and consents to the dismissal for such reason. But whether such be his intention or not, in such case, he cannot, for want of a predicate, maintain an action on the bond. For it has not been determined that the injunction was wrongfully granted and the defendant is not estopped from insisting on the fact. * . * * In all the cases with which we are familiar, or that have been cited in argument, the courts have required, as a necessary predicate, in an action on the bond, a judicial determination of the merits of the case in favor of the defendant in the action in which the bond was given, either in a trial on the merits or on a motion to dissolve the injunction, except those where the plaintiff dismisses his action without the consent of the defendant. In the excepted cases, for reasons just given, he is estopped from insisting on the terms of the bond, and in none others."

It is shown by said paragraphs of answer that by an amicable and voluntary agreement, reduced to writing and signed by the parties, the power company consented that it should be perpetually enjoined from erecting its poles on the line originally intended, but its right to erect and maintain them on another line on said land was to be permanently secured by decree of court, and that as a part of said agreement the power company was to pay the costs in both cases, and was to dismiss the suit in which it obtained an injunction against appellees. This was a complete settlement of all matters in controversy in said two cases, and the allegations to that effect contained in said paragraphs in no way vary, enlarge or change said written agreement. The dismissal of appellants' suit for an injunction was a material element in said agreement, and, under the authorities cited, was not equivalent to a judgment by the court that the power company was not entitled to the temporary injunction obtained by it against appellees. It follows that the court erred in sustaining the demurrer to said paragraphs of answer.

Judgment reversed, with instruction to overrule said demurrers, and for further proceedings not inconsistent with this opinion.