Marvin GOOD, Appellant-Defendant Below,

v.

Kenneth CROWEL, Diane Napier, Cecil Lucas, Joan Lucas, Donald Muehlhausen, Kay Muehlhausen, Appellees-Plaintiffs Below,

and

Paul Davidson, Paul J. Snyder, Harold Fitterling, Don Keller as School Trustees of Culver Community Schools, Appellee-Defendants Below.

No. 3–779A188.

Court of Appeals of Indiana, Third District.

Feb. 26, 1981.

Nelson G. Grills, Indianapolis, for appellant.

David H. Feagler, Plymouth, Thomas O. Mulligan, Knox, for appellees.

STATON, Judge.

Marvin Good filed a Motion for Assessment of Damages against Kenneth Crowel, Diane Napier, Cecil Lucas, Joan Lucas, Donald Muehlhausen and Kay Muehlhausen[1] in an effort to recover the attorney fees incurred by him in litigation involving a temporary injunction. Alleging that he

---

1. The plaintiffs are taxpayers, voters and patrons of the Culver Community Schools Corporation who were concerned about the proposed school reorganization plan. They formed the School Board Monitoring Group and went to

had been wrongfully enjoined, Good relied upon Ind. Rules of Procedure, Trial Rule 65(C) and asked for attorney fees in the amount of $6,825.00. His motion was denied by the court.

On appeal, Good asks if the court's denial of his Motion for Assessment of Damages Against the Surety was contrary to law.

We affirm.

The temporary injunction herein [2] was issued as the result of a school reorganization dispute in which Good, a newly elected school board member, was restrained from participation in any school board proceeding. According to the injunction, issued on August 10, 1978:

"It is therefore ordered, considered and adjudged that the Culver Community Schools Corporation, its Trustees and their successors be and hereby are restrained and enjoined from directly or indirectly taking any action or taking any vote which intends or purports to change, alter, amend, revoke, rescind, delay, confuse or otherwise interfer [sic] with the statutory legal and/or referendum process heretofore instituted by the Board of Trustees of the Culver Community Schools Corporation to reorganize the governing body thereof. It is further ordered and considered and adjudged by the Court that Marvin Good be and hereby is restrained and enjoined from directly or indirectly acting or voting as a Trustee of the Culver Community Schools Corporation until such—until this case has been resolved upon its merits and all until further order of Court...."

On September 20, 1978, all parties appeared in court with counsel and filed a "Stipulation for Order." In the stipulation, all agreed "upon an order of Court as follows:"

"2. That that part of a certain temporary injunction restraining and enjoining Marvin Good from acting or voting as a

member of the Culver Community Schools Board of Trustees is now dissolved.

"3. That the Culver Community Schools Board of Trustees shall be enjoined from opening or closing any schools within their school corporation until the end of the first semester of the 1978–79 school year, provided, however, that should any defendant in this lawsuit or in a lawsuit entitled *Peggy Clark, et al.,* plaintiffs, *vs. Fulton County Election Board, et al.,* defendants, now pending in the Marshall Circuit Court, bearing Cause No. _____, take any action which delays final adjudication at the trial level of either such suit, then such temporary injunction shall be automatically continued until the final adjudication thereof at the trial level.

* * * * * *

"5. That counsel for Marvin Good shall dismiss two lawsuits against the Culver Community Schools Corporation, one pending in the Fulton Circuit Court and one pending in the Pulaski Circuit Court bearing Cause Nos. C–78–105 and 35–457 respectively."

Pursuant to this "Stipulation for Order," the court, within hours, entered the following order:

"It is ordered that that part of a certain temporary injunction heretofore entered restraining and enjoining the defendant, Marvin Good, from acting or voting as a member of the Culver Community Schools Board of Trustees is now hereby dissolved.

"It is further ordered that the Culver Community Schools Board of Trustees is enjoined from opening or closing any schools within their school corporation until the end of the first semester of the 1978–79 school year; provided, however, that should any defendant in this cause or in a lawsuit entitled *Peggy Clark, et al. v.*

court to question, among other things, Good's appointment to the school board.

**2.** The temporary injunction was issued after a hearing, at which evidence was taken, was

held. After finding that the plaintiffs had made a prima facie case of irreparable and certain injury, the court converted its temporary restraining order to a temporary injunction.

*Fulton County Election Board, et al.*, now pending in Marshall Circuit Court take any action which delays final adjudication at the trial level of either such suit, then this temporary injunction shall be automatically continued until the final adjudication thereof at the trial level.

"The Court now sets this cause for trial [3] on the 5th day of January, 1979, at 9:30 A.M."

■ On appeal, Good contends that he should have been allowed to collect attorney fees [4] despite the agreement dissolving the temporary injunction. He not only claims that the dismissal was an incomplete settlement of all matters between the parties, but that he was entitled to a determination as to whether he was wrongfully enjoined as well. We disagree.

The voluntary dismissal *by a plaintiff* of an action in which a bond has been given and a temporary restraining order or an injunction has been obtained is considered to be a breach of the bond. Such has given rise to a right of action on the bond by a defendant. *St. Joseph & Elkhart Power Co. v. Graham* (1905), 165 Ind. 16, 74 N.E. 498. A number of courts have concluded that such a dismissal is tantamount to a judicial determination that the plaintiff was not entitled to the equitable relief sought and that the injunction, therefore, was wrongfully granted. *See St. Joseph & Elkhart Power Co., supra,* at 499, and the cases cited therein.

■ A dismissal of an action *by both parties* through an "amicable and voluntary" agreement is far different since it does not operate as a confession of judgment by the plaintiff nor does it admit that he had no right to the injunction. *St. Joseph & Elkhart Power Co., supra; Gubbins*

*v. Delaney* (1917), 64 Ind.App. 65, 115 N.E. 340; *Janssen v. Shown* (9th Cir., 1931), 53 F.2d 608. Accordingly, when the voluntary dissolution of an injunction is by an "amicable and voluntary" agreement of both parties, the defendant waives his rights under the bond and any right of action based upon a breach of the bond. *Janssen, supra* ; 2, High on Injunctions, § 1648 A p. 1598, (4th ed.).

Claiming that the dissolution of the injunction against him did not fully resolve all of the issues, Good argues that the "contingency," as set forth in the stipulated court order, rendered the agreement less than final. He contends that his injunction was not permanently dissolved until the court granted the plaintiffs' Motion to Dismiss the Complaint and Vacate the Temporary Injunction.[5] We cannot agree with this interpretation of the stipulation. We are persuaded that the "contingency" had to do with the ongoing injunction against the Culver Community Schools Board of Trustees. The dissolution of that part of the temporary injunction which was related to Good was clearly without qualification or contingency. The "Stipulation for Order" was a complete settlement of all matters in controversy between Good and the plaintiffs.

Good's contention that since he filed a motion for summary judgment he was entitled to a determination as to whether he had been wrongfully enjoined is without merit. According to the record, he had entered into the "Stipulation for Order" willingly and voluntarily weeks after he had moved for a summary judgment. With the encouragement of the court, the agreement had been written, submitted to the court, and signed by the attorneys for all litigants. If Good had wanted to preserve

3. Prior to the date set for trial, the plaintiffs filed a Motion to Dismiss the Complaint and Vacate the Temporary Injunction. The court granted the motion and ordered the cause as to the remaining defendants dismissed.

4. Ind. Rules of Procedure, Trial Rule 65(C) suggests that any party wrongfully enjoined or restrained may recover for costs and damages incurred. Before a restraining order or preliminary injunction can be issued, the applicant must furnish security in such amount as the court deems proper. *See Howard D. Johnson Co. v. Parkside Develop. Corp.* (1976), 169 Ind. App. 379, 348 N.E.2d 656, 662–663. In the case-at-bar, the plaintiffs had posted a security bond of $500.

5. See n. 3.

any right of action on the bond, he should have raised this issue in the negotiations which led to the stipulation. Our Supreme Court in *St. Joseph & Elkhart Power Co., supra,* 74 N.E. at 499, 500, approvingly cited *Columbus, etc. Ry. Co. v. Burke* (1896), 54 Ohio St. 98, 43 N.E. 282 in an analysis of this argument. It stated:

> "But none are cited, and we have found none, that the same rule applies where the dismissal is with the consent of the defendant. And there is not the same reason for holding that it should. In such case the defendant has an opportunity to insist that, before the dismissal is had, the court determine whether the injunction ought to have been granted, so that an action may be prosecuted on the bond, if such is his purpose. If he fail to do this, and consents to the dismissal of the action, his conduct is consistent with the inference that he intends to waive any right he may have on the bond. It may be, and no doubt frequently happens, that in such case the defendant is content to be left with a recognition of his right by the plaintiff to the subject of dispute, without further litigation, and consents to the dismissal for such reason. But whether such be his intention or not, in such case he cannot, for want of a predicate, maintain an action on the bond...."

We conclude that the court's dismissal of Good's Motion for Assessment of Damages Against the Surety was not contrary to law.

Judgment affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.